NEW YORK COUNTY. — HON. D. C. CALVIN, SURROGATE. — November, 1878.

## MATTER OF FOSTER.

*In the matter of the estate of* BARBARA FOSTER, *deceased.*

An auditor appointed pursuant to the provisions of the Revised Statutes, (2 R. S., 94, § 64), can not withhold his report until his fees are paid, since the allowance to be made to him by the Surrogate is to follow the confirmation of the report, or other determination upon it.

*So held* where the auditor instituted a proceeding to compel the executor to take up a report in his favor, and there were no assets in his hands.

*It seems* that a referee, appointed by the Surrogate of New York County, in accordance with the provisions of the statute of 1870, (*Laws of* 1870, ch. 359, § 6), could so withhold his report, in like manner as a referee appointed by the Supreme Court.

THIS was a proceeding to compel Henry Grass, the executor, to pay to the auditor appointed herein, his fees as such, and to take up the auditor's report, file

the same in this court, and take proceedings for its confirmation or rejection, it appearing that the report had been drawn, and was in favor of said executor.

It appeared by the answering affidavit, that there were no assets in the hands of the executor, but that the estate was indebted to him, and that he had no funds with which to take up the report and pay the fees.

DAILEY, PERRY and TOWNS, *for the petitioners.*

CHAS. E. CROWELL, *for the executor.*     .     .

THE SURROGATE.— By the terms of section 73, 3 R. S., [6th ed.], 102, (2 *R. S.*, 94, § 64), under the head of accounting of executors and administrators, it is provided that the Surrogate may appoint one or more auditors to examine the accounts presented to him, and to make report thereon, subject to his confirmation, and may make a reasonable allowance to such auditors, not exceeding $2 per day, to be paid out of the estate of the deceased. This is the only statute prescribing the authority of the Surrogate to appoint an auditor, and such auditor's duty thereon, and it seems to me that it is the duty of the auditor to make his report for the purpose of confirmation, and that the allowance to be made by the Surrogate is to follow the confirmation or determination in the matter. For it would not seem to be an appropriate proceeding for the auditor, or any one in his behalf, to petition the Surrogate to make such allowance before he shall have made and filed his report. It is equally apparent that the statute providing for the payment of his fees, after they shall have been allowed out of the

estate of the deceased, there is no duty to pay the same imposed upon the representative of the estate, in the absence of assets wherewith to make such payment. The auditor in this case appears to have been appointed under the statute above cited, and must be held to come under the interpretation above suggested. This conclusion is certainly not only unjust to auditors, but calculated in many cases to greatly obstruct the business of this office, for there are many cases where the accounts of executors and administrators show no assets in hand, and yet the proper investigation of their accounts is indispensable to parties interested in the several estates, but auditors cannot be reasonably expected in such cases to render services when the accounts show no fund applicable to the payment of their fees.

But by chapter 359, section 6, of the Laws of 1870, specially applicable to this court, it is provided that in any accounting, or in any other proceeding in this court, the Surrogate may appoint a referee to take testimony, examine the accounts, and hear and determine disputed claims and other matters relating thereto, and make report subject to the confirmation of the Surrogate, and that such referee shall have the same powers and compensation as referees appointed by the Supreme Court; and as the practice of the Supreme Court enables a referee to withhold his report until his fees shall be paid, I am of the opinion that the section above cited would enable the referee appointed by this court to withhold his report in like manner, and to receive like fees as in the Supreme Court, and that, for the protection as well of the

referee as to secure the performance of his duty in the interest of the parties, a referee should be appointed for the purpose of examining the accounts rendered to the Surrogate, and to determine disputed claims and other matters relating thereto, instead of an auditor as heretofore, and I am also of the opinion that under the general power of this court to control the conduct of executors and administrators, they might, having assets, be compelled to take up the report and pay the fees of such referee.

Ordered accordingly.